42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis KEKOA, Jr., Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 93-70689.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curtis Kekoa, Jr., petitions pro se for review of the National Transportation Safety Board's (NTSB) decision affirming the suspension of Kekoa's airline transport pilot certificate. Kekoa acknowledges that he violated Federal Aviation Administration (FAA) regulations by taking off from an airport runway without air traffic control (ATC) clearance, but contends that he reasonably relied on the airplane captain's mistaken statement that clearance had been given. We have jurisdiction pursuant to 49 U.S.C.App. Sec. 1486(a), and we deny the petition for review.
 
 
 3
 The FAA Administrator ordered Kekoa's pilot certificate suspended for sixty days. The Administrator alleged that on June 30, 1989, Kekoa violated 14 C.F.R. Secs. 91.9, 91.75(b), and 91.87(h) by taking off in a Boeing 727 from Denver, Colorado, without ATC clearance. An Administrative Law Judge (ALJ) affirmed the Administrator's order of suspension but reduced the sanction from sixty to forty days. The NTSB affirmed the ALJ's decision. Kekoa timely petitions for review.
 
 
 4
 We must set aside the NTSB's " 'action, findings, and conclusions' " if we find them " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " Howard v. FAA, 17 F.3d 1213, 1215 (9th Cir.1994) (quoting 5 U.S.C. Sec. 706(2)(A)). A pilot can avoid responsibility for a regulatory violation if he reasonably relies on other crewmembers to perform their assigned duties. Administrator v. Buboltz, NTSB Order No. EA-3907, 1993 WL 226110, at * 2 (June 7, 1993). Reliance is not reasonable unless "a particular task is the responsibility of another; [the pilot] has no independent obligation or ability to ascertain the information; and he has no reason to question the other's performance." Id.
 
 
 5
 The parties do not dispute that on June 30, 1989, the captain taxied the Boeing 727, United Airlines Flight 286, onto runway 35R while Kekoa, the co-pilot, operated the radios. The captain then turned control of the plane over to Kekoa and took over the radios. Kekoa heard ATC issue a takeoff clearance but was uncertain whether the clearance was for his plane. He asked the captain, who said it was. Kekoa took off. In fact, ATC had cleared a Boeing 737, United Airlines Flight 298, for takeoff from runway 35L.
 
 
 6
 Kekoa contends the NTSB irrationally based its determination of unreasonable reliance on the following undisputed facts: (1) Kekoa failed to seek further verification from the airplane's second officer, who also could hear the radios, or from ATC; (2) the captain did not acknowledge the takeoff clearance; and (3) the clearance for the other plane was unambiguous.
 
 
 7
 The NTSB's finding that reliance on the captain was unreasonable under these facts was not arbitrary. See Howard, 17 F.3d at 1215. The NTSB did not abuse its discretion by concluding that the captain's failure to acknowledge the takeoff clearance gave Kekoa reason to question the captain's statement that the clearance was for their flight, and that Kekoa should have verified the captain's statement with the second officer or with ATC. See id.; Buboltz, 1993 WL 226110, at * 2.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied. His motion for judicial notice is denied, and respondents' motion to strike addenda to the reply brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3